FILED
NOV - 8 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW QUINN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:21-cv-02768 (UNA) |
| v. ) | |
| ) | |
| ) | |
| DEPARTMENT OF JUSTICE ) | |
| CIVIL RIGHTS DIVISION, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court will grant the IFP application and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a resident of Fairfax, Virginia, sues the United States Department of Justice Civil Rights Division for "invasion of privacy harassment medical." Compl. at Cover Sheet, ECF No. 1-1. He alleges that defendant has been following him "across the county" at various locations in

numerous cities, surveilling him, tapping his phone, and stealing his personal information. Compl. at 2–4.  He contends that defendant has been in control of his life for approximately 13 years.  *See id.* at 2.   The relief sought is unclear.

This court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.  The instant complaint satisfies this standard.  In addition to failing to establish this court's jurisdiction or to state a claim for relief and entitlement to damages, if any, the complaint is deemed frivolous on its face and will consequently be dismissed.

A separate order accompanies this memorandum opinion.


DATE: November 8, 2021                    _____s/s_____
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge